438 So.2d 1296 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Robert DeWayne McCARTY & Robert Lee Nugent, Defendants-Appellants.
No. CR83-316.
Court of Appeal of Louisiana, Third Circuit.
October 12, 1983.
Writ Denied January 6, 1984.
*1297 William D. Dyess, Many, for defendants-appellants.
James L. Davis, Dist. Atty., Many, Abbott J. Reeves, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Before STOKER, LABORDE and KNOLL, JJ.
STOKER, Judge.
As a result of a plea agreement to drop other charges, defendants Robert McCarty and Robert Nugent, pleaded guilty to two counts of simple burglary each. This appeal, Number CR83-316, arises from docket number 30,801 in Sabine Parish charging both defendants with burglary of a dwelling belonging to Mrs. Ann Kinney. A separate opinion will be rendered this date in appeal Number CR83-317 438 So.2d 1300, arising from docket number 31,146 which charges both defendants with burglary of a camp belonging to Mr. Garland Hamic. The cases were consolidated for sentencing and on appeal.
Pursuant to the plea agreement, an undetermined number of other counts of simple burglary against the defendants were dismissed. Apparently all the charges arose from a rash of burglaries of lakeside camps in Sabine and DeSoto parishes. After completion of pre-sentence investigations, both defendants were sentenced to six years in the custody of the Department of Corrections on each count, the sentences to be served concurrently.
On appeal defendants claim that the trial judge erred (1) in failing to comply with LSA-C.Cr.P. art. 894.1, (2) in imposing an unconstitutionally excessive sentence, and (3) in relying on inculpatory statements made by the defendants to the probation officer during the pre-sentence investigation without having had their Miranda warnings reiterated to them. For the reasons set out below, we affirm.

PRE-SENTENCE INVESTIGATION
After accepting their guilty pleas, the trial judge granted the defendants' requests for pre-sentence investigations. At the sentencing hearing for McCarty, after finding the defendant in need of confinement, the trial judge stated:
"The conclusions in this respect are based on the fact that the defendant, while being charged [sic] multiple counts of burglary, was allowed to plead to two counts of burglary. That the defendant informed the investigating officers, in the course of their investigation, that he and his co-defendant had burglarized just about every camp on the lake in the Fishermans Wharf and Rolling Hills area."
In sentencing Nugent, the trial judge indicated that his reasons for sentence were the same as those given for McCarty. Counsel for Nugent noted that the pre-sentence investigation indicated that Nugent told the agent making the report that "he and his co-defendant stole anything that was worth any money, such as shotguns, motors, fishing gear, chainsaws, et cetera."
On appeal, both defendants claim that their statements were made to the probation officer who conducted the pre-sentence investigation without having been given their Miranda warnings. They contend that because of this the trial court erred in using the statements against them at the sentencing hearing. We note at the outset that McCarty's statement regarding the other burglaries he and Nugent committed appears to have been made to the investigating police officers rather than the probation officer conducting the pre-sentence *1298 investigation. Presumably such a statement made to police officers would have been with the benefit of Miranda warnings. In any event, statements to officers investigating the crimes would not be within the scope of this complaint.
Defendants cite two cases in support of their claims that inculpatory statements made during the course of a pre-sentence investigation without benefit of Miranda warnings should not be considered for sentencing, Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) and Jones v. Cardwell, 686 F.2d 754 (9th Cir.1982). In each of these cases the courts found that the defendants' Fifth Amendment rights against self-incrimination were violated with regard to statements used against them at sentencing. However, in each case the courts declined to hold that Miranda warnings are required during a pre-sentence investigation. Each court found only that under the specific circumstances presented, the defendant's Fifth Amendment rights were violated.
In Estelle, supra, the sentencing hearing was one in which the state sought the death penalty. Prior to trial and conviction, and on his own initiative, the trial judge ordered a psychiatric examination of the defendant to determine whether he was competent to stand trial. The results of the examination were not used at trial, but the psychiatrist was called to testify at the sentencing hearing. His testimony was that the defendant had shown a total lack of remorse for his part in a murder and was a "severe sociopath". The psychiatric examination was conducted while defendant was incarcerated awaiting trial, and defendant was not given the benefit of counsel or Miranda warnings before the examination was conducted.
The Supreme Court determined that the examination conducted prior to conviction while the defendant was incarcerated violated his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to counsel. Defendant's death sentence was vacated, and the case was remanded for a new sentencing hearing in which use of the psychiatrist's testimony was prohibited. The Court pointed out in a footnote:
"Of course, we do not hold that the same Fifth Amendment concerns are necessarily presented by all types of interviews and examinations that might be ordered or relied upon to inform a sentencing determination."
We do not find that the pre-sentence investigations in these two cases now before us, conducted at defendants' request while they remained free on bail, raise the Fifth Amendment concerns presented in Estelle.
Jones v. Cardwell, supra, also involved a custodial interrogation, but the questioning was by a probation agent who was conducting a pre-sentence investigation. After informing the defendant that he was under court order to answer questions, the agent questioned him about prior crimes. The defendant then confessed to crimes other than the first degree burglary and rape for which he was convicted. As in Estelle, the Jones court found that defendant's Fifth Amendment rights had been violated under the circumstances presented by the facts before it. The court stated:
"Because the state was aggressive in extracting a confession from appellee without warning him of the consequences, we hold the appellee's confession, in the setting in which it occurred, was involuntary."
In the cases before us, we do not find that the defendants' Fifth Amendment rights were violated. After pleading guilty to two counts of burglary, defendants themselves requested pre-sentence investigations, and their requests were granted. Both defendants remained free, on the bail originally posted, pending the sentencing hearing. Apparently, the questioning by the probation officer did not occur in a custodial environment. Also, the defendants do not claim that their statements were aggressively extracted as was the case in Jones, supra. There is also no claim that the pre-sentence investigation report contained false information.
*1299 It is clear that the prosecution may not use inculpatory statements made by a defendant during custodial interrogation unless procedural safeguards have been used to insure that the privilege against self-incrimination has not been violated. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); State v. Sonnier, 379 So.2d 1336 (La.1979). Defendants here do not claim that their statements were made during a custodial interrogation, but seek only to have this court require that Miranda warnings be given during the course of every pre-sentence investigation. We do not believe that the Fifth Amendment or prevailing case law requires such a result and hold only that the statements in question here should not be excluded on the basis of a Fifth Amendment violation.
Although defendants do not specifically raise the claim that the trial court improperly considered evidence of prior crimes, we point out that such a consideration is proper in sentencing. Prior criminal activity is a factor to be considered in sentencing under LSA-C.Cr.P. art. 894.1 and such activity is not limited to prior convictions. State v. Pierson, 296 So.2d 324 (La. 1974); State v. Washington, 414 So.2d 313 (La.1982). In this case, the trial judge knew of the other burglaries committed by defendants not only through McCarty's statement but because of the nature of the plea agreement in which other counts of burglary were dropped in exchange for a guilty plea to two counts.
Nugent's statement regarding the goods taken during the burglary was also properly considered by the trial judge. The underlying circumstances of the crime should be considered so that the sentence can be individualized. State v. Day, 414 So.2d 349 (La.1982).
For the above reasons, we find no merit to the defendants' arguments regarding the pre-sentence investigation.

SENTENCING GUIDELINES
Defendants argue that the trial judge failed to properly consider mitigating factors in imposing sentence in accordance with LSA-C.Cr.P. art. 894.1. We find no merit to this argument.
In his reasons for sentence, the trial judge clearly states that he had considered the information in the pre-sentence investigation report and noted particularly that he had considered mitigating factors such as age and employment. The trial court need not articulate every mitigating factor. The record must only reflect that he gave adequate consideration to the guidelines in art. 894.1. State v. Grey, 408 So.2d 1239 (La. 1982). The trial court's statements in this case are sufficient to show that he adequately considered the mitigating factors, but found the serious nature of the offenses along with evidence that defendants had been involved in these types of crimes for quite some time outweighed any mitigating factors.

EXCESSIVENESS OF SENTENCE
The crime of simple burglary carries a penalty of a fine not more than $2,000 and a sentence of imprisonment of not more than twelve years. Thus, by pleading guilty to two counts, defendants were exposed to possible fines of $4,000 and possible sentences of twenty-four years. In fact, they were sentenced to only six years on each count, the sentences to be served concurrently. In effect, each defendant received only a six year sentence. Based on the trial judge's reasons for sentence and our own review of the record, we do not find these sentences to be excessive.

CONCLUSION
For the above stated reasons, the convictions and sentences of Robert DeWayne McCarty and Robert Lee Nugent are affirmed.
AFFIRMED.