STOKER, Judge.
In this criminal appeal the sole assignment of error is defendant’s allegation that the trial court imposed an excessive sentence which constitutes cruel and unusual punishment.
Defendant-appellant, James Colton, Jr., pleaded guilty to one count of armed robbery. The trial court sentenced Colton to confinement at hard labor for a period of thirty-five years in the custody of the Louisiana Department of Corrections without benefit of parole, probation or suspension of sentence but subject to such commutations as may be allowed by law and with credit for time in custody prior to the imposition of the sentence.
In brief, in connection with the assertion that the thirty-five year sentence was excessive, defendant complained that the trial court took into consideration criminal charges against the defendant of which he had not been convicted and also took into consideration the court’s personal knowledge of the circumstances of victims of alleged crimes committed by defendant.
The minutes of the trial court for March 21, 1983, show that in this case the defendant entered his guilty plea as a result of a plea bargain. These minutes indicate that defendant was charged with three armed robberies, aggravated battery and simple escape. In exchange for defendant’s plea of guilty to one count of armed robbery (this case) the State dismissed all other charges. The remarks of the trial court explaining the considerations which went into its deliberations on the sentence imposed covered eleven pages. After the guilty plea was entered the trial court requested that a pre-sentence investigation be made. The sentencing remarks of the trial court review the information contained in the report including confessions of the defendant-appellant. The trial court noted that in this case the defendant not only committed an armed robbery of Leman Hester at a bait stand, but he also injured Hester by hitting him in the head with his gun. Also the trial court noted that defendant was sentenced on April 14, 1972, to imprisonment of two years on six felony counts and to serve eighteen months on one other felony count with all sentences to run concurrently. Defendant was paroled on October 17, 1972.
It is not clear whether the court’s knowledge of the two other robberies, the charges with respect to which were dismissed, came from confessions or other information in the pre-sentence investigation report. Nevertheless, we do not find the issue to be significant because we find that, even without considering such factors, the trial court’s sentence can be supported. For the same reason we do not regard any irrelevant matters which may have been considered by the trial court to be significant. The trial court was entitled to consider the fact that defendant had previously been sentenced for felony crimes. The trial court was also entitled to consider the fact that other charges against the defendant were dropped as a part of the plea bargain. See State v. Washington, 414 So.2d 313 (La.1982) and State v. McCarty and Nugent, 438 So.2d 1296 (La.App. 3rd Cir.1983). The maximum sentence to which defendant might have been sentenced was ninety-nine years, and the minimum was five. LSA-R.S. 14:64 covering armed robbery specifies that the incarceration shall be without benefit of parole, probation or suspension of sentence. The thirty-five year imprisonment is less than one-half the sentence which might have been imposed.
The trial court’s remarks indicated that it gave serious consideration to the sentencing. Without determining, or concluding, that the trial court improperly considered any facts in deciding on the sentence to be imposed, we find that facts which it could properly have considered adequately support the sentence imposed. We do not find the sentence to be excessive *174 or violative of constitutional guarantees against cruel and unusual punishment. For the reasons given, the sentence imposed by the trial court is affirmed.
AFFIRMED.