**Daniel L. PENS, Petitioner–Appellee,**

v.

**Kit BAIL; Kenneth W. Ducharme; ISRB Chairperson, Respondents–Appellants.**

**No. 88–4466.**

United States Court of Appeals, Ninth Circuit.

Submitted October 31, 1989 *.

Decided May 16, 1990.

Aaron K. Owada, Asst. Atty. Gen., Olympia, Wash., for respondents-appellants.

Daniel L. Pens, Monroe, Wash., in pro per.

PER CURIAM:

The Washington State Indeterminate Sentence Review Board (Board) appeals the district court's grant of Daniel Pens' habeas corpus petition. The district court held the Board violated Pens' fifth amendment right against self-incrimination by imposing an exceptional minimum sentence based on

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

statements Pens made during post-conviction, court-ordered, confidential therapy. We affirm.

## I

Pens was convicted in 1981 on two counts of first degree rape and committed to the Western State Hospital (WSH) sexual psychopath treatment program. The WSH therapists assured Pens information he revealed during treatment would not be disclosed to the courts. As part of treatment Pens confessed numerous additional completed and attempted rapes, other crimes and deviant behavior. After three years WSH returned Pens to court with a report detailing his confessions and statements during treatment and concluding he was "not amenable to treatment" and "not safe to be at large."[1]

Based on the WSH report, the trial judge recommended and the Board sentenced Pens to an exceptional 20–year minimum term reduced by about three years for time served at WSH.[2] In justifying his sentencing recommendation, the judge wrote "after almost three years in the sexual psychopath program without positive prognosis, the protection of society requires an extended sentence." The Board justified its exceptional minimum sentence on four grounds: (1) the recommendations of the judge and prosecutor, (2) Pens' long history of sexual deviant behavior, (3) his admitted rapes, and (4) his continuing danger to society.

On state habeas appeal, the Washington Supreme Court held it was improper to use Pens' confessions of uncharged crimes, but affirmed the exceptional sentence on the basis of the other reasons relied on by the Board. The district court granted Pens' section 2254 petition, holding use of any of the WSH report in sentencing violated Pens' right against compelled self-incrimination. The Board appeals.

## II

In *Jones v. Cardwell,* 686 F.2d 754 (9th Cir.1982), the defendant confessed additional crimes at the probation officer's urging in post-conviction, pre-sentencing interviews. The probation officer reported the confession to the sentencing judge. We held where "the state's agent seeks from the convicted defendant a confession of additional criminal activity and that confession is used to enhance a defendant's sentence, we think it beyond peradventure that the defendant may properly claim the protection of the privilege against self-incrimination." *Id.* at 756.

The Board argues it is proper to use the non-confession statements, clinical observations and recommendations in the report because they are not "confessions of additional criminal activity." It would read *Jones* to allow enhancement of sentences on the basis of coerced aggravating statements, so long as those statements do not implicate the defendant in additional crimes.

The availability of the privilege turns "upon the nature of the statement or admission and the exposure which it invites." *Id.* (quoting *In Re Gault,* 387 U.S. 1, 49, 87 S.Ct. 1428, 1455, 18 L.Ed.2d 527 (1967)). In this case, Pens was committed under court order to a psychiatric treatment program at a locked state facility. Full confession and cooperation were represented as necessary for successful treatment and eventual release. Assured of confidentiality, Pens divulged a range of incriminating information. This case, like *Jones,* "involves statements and admissions by an incarcerated defendant to an individual acting on behalf

---

1. This case arises only because Pens was not sentenced before commitment as required by the Washington sexual psychopathy statutes. *See State v. Edwards,* 93 Wash.2d 162, 606 P.2d 1224 (1980). Had the trial judge given Pens an "original sentence," *see* Wash.Rev.Code § 71.06.091, information disclosed during Pens' post-conviction treatment could not have been used to aggravate the sentence for the original offense.

2. Pens was sentenced under the old "indeterminate" system superseded by the 1981 Washington Sentencing Reform Act, Wash.Rev.Code §§ 9.94A, *et seq.* Wash.Rev.Code § 9.95.009(2) requires the Board to make decisions "reasonably consistent" with the Sentencing Reform Act and to give written reasons for any minimum term outside the Sentencing Reform Act guideline range. The Sentencing Reform Act presumptive sentence range for Pens' offenses would have been no more than 67–89 months.

of the state that exposed the defendant to serious consequences." *Id.* (footnote omitted); *see also Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) (finding the privilege against self-incrimination applicable at penalty phase to defendant's statements in court-ordered competency examination).

The Board relied on (1) the judge's recommendation, which in turn relied on the WSH report, (2) Pens' long history of aberrant sexual behavior, which Pens revealed in therapy, and (3) the WSH report's conclusion Pens was not safe to be at large, which was based in part on Pens' admissions. The report's descriptions of Pens' withdrawn, secretive behavior are based on Pens' admissions as to deviant masturbation and excitement at deceiving hospital staff. For example, the report notes, "Mr. Pens has appeared to be doing quite well for long periods of time.... Gradually he would withdraw more into himself and before this was very noticeable to anyone, he would make a major disclosure to his group about weeks of devious desires and behaviors...." In concluding Pens was not amenable to treatment, the report notes Pens "is aware enough of this behavior to deliberately change his pattern and to hide his activities." The report's conclusion that Pens is a continuing danger to society was also gathered from Pens' own admission to that effect, along with his confessions during treatment.[3] The report notes "[t]he best predictor of dangerousness is past dangerous behavior. Mr. Pens' sexual offense history is extensive and violent."

For fifth amendment purposes, Pens' admissions of deviant behavior are no different from his confessions of other crimes. All were used to enhance his sentence despite representations of confidentiality and requirements of cooperation to participate in the court-ordered treatment program. While not "every encounter between the state and a convicted but unsentenced defendant brings the Fifth Amendment privilege into play," *Jones,* 686 F.2d at 756,

Pens' admissions and confessions are squarely within the privilege. In reaching this conclusion, we do not rely on any new rule not yet announced at the time the case was pending in the state courts, but rather on a straightforward application of *Gault, Estelle,* and *Jones. Cf. Butler v. McKellar,* —— U.S. ——, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990).

### III

An exceptional sentence may well be justified in this case, but it may not be based on statements Pens made in post-conviction, court-ordered, confidential treatment.

We note Pens is not entitled to immediate release upon expiration of any sentence the Board may impose. Under Washington Revised Code § 71.06.120, a sexual psychopath may be released only by court order and is subject to indefinite commitment in an appropriate treatment facility if the state can prove his continued dangerousness beyond a reasonable doubt. *State v. Gann,* 36 Wash.App. 516, 675 P.2d 1261 (1984).

The order granting Pens' petition is AFFIRMED.

---

**3.** It may be possible on resentencing for the court to find dangerousness based on information other than Pens' statements. Whether there is non-testimonial evidence sufficient to justify the report's conclusion of dangerousness notwithstanding its partial reliance on Pens' testimonial evidence is a question for the state court to consider on resentencing. *See State v. Payne,* 45 Wash.App. 528, 533, 726 P.2d 997 (1986).