979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Lewis JONES, Petitioner-Appellant,
v.
Bob GOLDSMITH, et al., Respondent-Appellee.
 No. 91-16164.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1992.*
Decided Nov. 18, 1992.
 
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Lewis Jones appeals pro se the district court's summary judgment denying his petition for a writ of habeas corpus. We affirm.
 
 
 3
 * In 1971, an Arizona state court jury found Jones guilty of rape and first-degree burglary. Evidence showed that Jones broke into a house in the middle of the night and raped a woman whose young son witnessed part of the attack. The trial judge sentenced Jones to 9 to 15 years on the burglary count and 99 to 100 years on the rape count, with the sentences to run consecutively. Jones's conviction was affirmed on appeal. See State v. Jones, 521 P.2d 978 (1974), cert. denied, 419 U.S. 1004 (1974).
 
 
 4
 Jones filed his first petition for a writ of habeas corpus in the federal district court in 1976. The petition was dismissed, but on appeal this court remanded the matter to the district court for a determination as to whether the confessions that Jones made to a probation officer before sentencing were voluntary. See Jones v. Cardwell, 588 F.2d 279, 281 (9th Cir.1978).
 
 
 5
 On remand, the district court granted the habeas petition because "it found that, in sentencing [Jones], the state court had considered evidence obtained in violation of [Jones's] Fifth and Sixth Amendment rights." Jones had confessed to other crimes to a probation officer and the information was included in the sentencing report. See Jones v. Cardwell, 686 F.2d 754, 755 (9th Cir.1982). This court affirmed the district court. Id. at 757.
 
 
 6
 In 1983, a different state judge sentenced Jones to the same term that he had received originally. Jones appealed the sentence in the state courts without success. Jones then filed a state claim for post conviction relief that was denied. His state court appeals were again unsuccessful.
 
 
 7
 In 1989, Jones filed a second petition for a writ of habeas corpus in the federal district court. The district court denied his petition and issued a certificate of probable cause. We now review the district court's denial of that second habeas corpus petition.
 
 II
 
 8
 We review a denial of a petition for habeas corpus de novo. See Weygandt v. Ducharme, 774 F.2d 1491, 1492 (9th Cir.1985). Jones claims that the district court should have granted him relief because the judge who resentenced him in state court 1) learned of Jones's original sentence, 2) read parts of the old file containing improper information, and 3) then sentenced Jones to the precise sentence he received at his original sentencing.
 
 
 9
 Jones claims he was the victim of an unconstitutionally vindictive sentence. In North Carolina v. Pearce, 395 U.S. 711 (1969), the Supreme Court held that due process of law "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Id. at 725.
 
 
 10
 The Court further held that because of the difficulty in proving a judge's retaliatory motivation, "we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." Id. at 725 n. 20, 726. In effect, the Court has created a presumption of vindictiveness where a judge sentences a defendant to a longer sentence after a successful appeal, at least in circumstances where there is a "reasonable likelihood" that the increase is the product of actual vindictiveness. Alabama v. Smith, 490 U.S. 794, 800-03 (1989) (holding that presumption does not apply in sentence following trial when first sentence was result of a guilty plea); see also United States v. Goodwin, 457 U.S. 368, 374 (1982). Jones is not entitled to this presumption for the primary reason that he did not receive a harsher sentence the second time.
 
 
 11
 Jones also failed to show actual vindictiveness. See Texas v. McCullough, 475 U.S. 134, 138 (1986). The state trial judge clearly stated reasonable grounds for sentencing Jones. Although he knew of the prior sentence, we fail to see how this supports a showing of actual vindictiveness especially in light of the judge's reasoned explanation for his imposition of sentence. The sentencing judge's explanation for the sentence included the following:
 
 
 12
 The fact that you feel you should be released now is one I understand, but you were in court when the victim testified, and you can see that there is no way that either you or I can release her from the sentence that you imposed upon her that night.
 
 
 13
 * * *
 
 
 14
 * * *
 
 
 15
 I believe that those acts of violating the home in which you were, regardless of whether somebody might be there ... and violating the victim in this case, have cost you your opportunity to live and participate in the civilized society outside the prison you decided to disregard.
 
 
 16
 Nor has Jones demonstrated that the sentencing judge was influenced by any improper information contained in the original sentencing report. Prior to sentencing, Judge Howe indicated that he had glanced at the old file, and stated that he "may have [seen] things that should not have been considered" (emphasis added). Judge Howe suggested that perhaps he should be recused from the case. Nonetheless, counsel for petitioner failed to object to Judge Howe's continued presence in the case, and did not take him up on his recusal suggestion. Moreover, petitioner's counsel failed to inquire further regarding whether Judge Howe had actually been exposed to any improper information. Based on these facts, Jones' argument that Judge Howe's sentence was based upon improper information must fail.
 
 
 17
 Jones also claims that the sentencing judge was under the erroneous impression that he was on probation for previous burglaries at the time he committed the rape. The judge said:
 
 
 18
 I agree with Mr. Dariman that the proof in those [uncharged] cases against you is not strong. However, in sentencing you, I take cognizance of the fact that you were on probation for prior charges of the same, for burglaries, but what influences me a great deal is the casualness with which you destroy the life of a victim in this case, the disinterested cynicism with which you have sentenced this lady to a life of fear and shame, a life of doubt even about her own family.
 
 
 19
 Jones apparently claims that he was not on probation at the time of the rape. The presentence report notes that the county attorney "also cited the fact that the defendant was previously convicted of two burglaries and committed these offenses while on probation."
 
 
 20
 We do not agree that the record shows that the sentencing judge thought that Jones was on probation at the time of the burglary and rape involved in this case. Rather, the above quoted comments of the judge merely indicate that he was noting a previous probation term and Petitioner admits that he served a prior probation term. In his comments, the judge does not specify the time reference of the prior probation term and does not connect that probation term with the instant charges.
 
 
 21
 Thus, Petitioner fails to show that the judge accepted any allegations of the prosecutor or any representations in the presentence report that state or claim that Petitioner was on probation when he committed the instant offenses. In fact, the judge specifically states that the basis for the sentence is the petitioner's destruction of the victim's life.
 
 
 22
 In conclusion, we find that Jones has failed to show that his resentencing was vindictive or based on any other improper grounds.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3