[No. 27887-8-I.   Division One.   May 2, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN N. TINKHAM, *Appellant.*

*Suzanne Lee Elliott* of *Washington Appellate Defender Association,* for appellant.

*David R. Needy, Prosecuting Attorney,* and *K. Garl Long, Deputy,* for respondent.

*Kenneth E. Himma* on behalf of American Civil Liberties Union, amicus curiae.

GROSSE, J. — John Tinkham appeals the exceptional sentence imposed for his convictions for first degree rape of a child and first degree kidnapping.

The determinative issue on appeal is whether the trial court properly prohibited defense counsel from advising Tinkham with regard to his Fifth Amendment privilege against self-incrimination as that privilege arose during the course of a court ordered evaluation by a mental health officer on the issue of future dangerousness.

The day before the sentencing hearing, the State moved for an order compelling a mental health evaluation of Tinkham by the mental health officer for Skagit County. This evaluation was for the limited purpose of having the health officer's report and testimony to support the State's request for an exceptional sentence based on future dangerousness. The Defendant's attorney opposed the motion on the grounds that such an examination for the express purpose of providing additional time on the sentence, affecting Tinkham's liberty interests, would violate his Fifth Amendment privilege against self-incrimination. Counsel also objected on grounds that the mental health officer was not a sufficiently qualified expert in the area of sexual deviancy to determine Tinkham's amenability to treatment.

The trial court ruled that Tinkham must submit to an examination by the health officer. The court ruled that this examination would not violate his Fifth Amendment privilege against self-incrimination so long as the results were used only for the purpose of imposing an exceptional sentence, not for the purpose of determining guilt or innocence in any subsequent criminal proceeding. The trial court thereby ruled that Tinkham's attorney would not be permitted to advise him that he could invoke his Fifth Amendment privilege. The court made a tentative ruling that the health officer was qualified to perform the examination and render an opinion as to Tinkham's amenability to treatment.

At sentencing, the trial court found there was a future danger to society if it did not sentence Tinkham to an exceptional term. In addition it talked about the victim's vulnerability, the Defendant's lack of remorse, the sophistication and planning necessary to commit the crime, and the fact that Tinkham violated a position of trust in his being an adult in kidnapping and raping the child. The trial court then sentenced Tinkham to two concurrent terms of 420 months.

## THE FIFTH AMENDMENT PRIVILEGE

Tinkham first alleges the trial court erred in compelling, and considering, the custodial examination of him by the local mental health officer. The resulting report was solely for the purpose of obtaining evidence to use in imposing an exceptional sentence and Tinkham claims this was a violation of his Fifth Amendment privilege against self-incrimination.

■ "The availability of the Fifth Amendment privilege does not turn upon the type of proceeding in which its protection is invoked, but upon the nature of the statement or admission and the exposure which it invites." *State v. Post*, 118 Wn.2d 596, 604-05, 826 P.2d 172, 837 P.2d 599 (1992) (citing *In re Gault*, 387 U.S. 1, 49, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967)). Statements made by a convicted defendant to a

probation officer or psychiatrist revealing prior criminal but unconvicted behavior are not allowed to influence the sentencing decision. *State v. Ammons*, 105 Wn.2d 175, 184, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986). "It is no less important that constitutional guaranties be observed at the sentencing phase than at the investigative and trial phases of a criminal prosecution." *State v. Post*, 118 Wn.2d at 605.

*Estelle v. Smith*, 451 U.S. 454, 68 L. Ed. 2d 359, 101 S. Ct. 1866 (1981) is instructive, if not dispositive. Tinkham claims the statements made to the mental health officer were inadmissible in the penalty phase because he was not advised before the examination that he had a right to remain silent and that any statement he made could be used against him at the sentencing proceeding. In *Estelle* the trial court ordered a psychiatric examination of the defendant in order to determine his competence to stand trial. The defendant was not advised he had a right to remain silent, and was not afforded an opportunity to consult with his attorney. He was found competent and was convicted at trial. At sentencing, the psychiatrist testified about the defendant's future dangerousness and his lack of remorse. The Supreme Court rejected the argument that the defendant was not entitled to the protection of the Fifth Amendment because the psychiatrist's testimony was only used to determine punishment after conviction, not the establishment of guilt. The Supreme Court held that the State's attempt to establish Smith's future dangerousness by relying on the unwarned statements he made to an examining doctor infringed the Fifth Amendment just as much as would have any effort to compel him to testify against his will at the sentencing hearing. *Estelle v. Smith*, 451 U.S. at 462-63.

The difference between *Estelle* and the case here is that *Estelle* involved a capital murder case wherein the jury sentenced the defendant to death. We also recognize that the *Estelle* court indicated that it did "not hold that the same Fifth Amendment concerns are necessarily presented by all types of

interviews and examinations that might be ordered or relied upon to inform a sentencing determination." *Estelle,* 451 U.S. at 469 n.13.[1]

██ Even though not a capital case, the policy reasons in *Estelle* must apply to this case in which the State is asking for an increased penalty, and increased deprivation of liberty, based on the compelled evaluation. The Court in *Estelle* found that the considerations calling for *Miranda*-like warnings prior to custodial interrogation applied with "no less force" to a court ordered psychiatric examination than they would to an interrogation by a police officer or prosecuting attorney. *Estelle v. Smith,* 451 U.S. at 467. Therefore, in *Estelle,* because the defendant did not voluntarily consent to the psychiatric examination after being informed of a right to remain silent, the State could not rely on what he said to the psychiatrist to establish future dangerousness. *Estelle v. Smith,* 451 U.S. at 468.

---

[1]The availability of the Fifth Amendment privilege depends upon the nature of the statement or admission and the exposure it invites rather than the type of the proceeding in which it is invoked. We want to make it clear that we are not suggesting that any defendant can necessarily invoke the Fifth Amendment privilege as to an entire examination. While we need not address the entire scope of the privilege in the sentencing context, and confine our holding to the facts of the case before us, it is essential to note that the privilege is narrow. For example, as set forth by the court in *Jones v. Cardwell,* 686 F.2d 754 (9th Cir. 1982):

> It does not follow necessarily from this conclusion [Fifth Amendment privilege applicable to use in probation interview] that every encounter between the state and a convicted but unsentenced defendant brings the Fifth Amendment privilege into play. But, where, as here, the state's agent seeks from the convicted defendant a confession of additional criminal activity and that confession is used to enhance a defendant's sentence, we think it beyond peradventure that the defendant may properly claim the protection of the privilege against self-incrimination. As the Court noted in *Estelle,* "[g]iven the gravity of the decision to be made at the penalty phase, the state is not relieved of the obligation to observe fundamental constitutional guarantees." 451 U.S. at 463, 101 S.Ct. at 1873.

*Jones,* 686 F.2d at 756-57. A defendant is entitled to warnings and the advice of counsel, but the nature of the questions and responses thereto will determine whether a Fifth Amendment privilege applies. A trial court will need to determine the scope of the privilege depending upon the "nature of the statement or admission and the exposure it invites." *Jones,* at 756 (quoting *In re Gault,* 387 U.S. 1, 49, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967)).

The thrust of the State's arguments and citations to authority on this point go more to the issue of the trial court's authority to order a mental health evaluation of Tinkham. We believe the trial court has that authority[2] and do not believe that point to be seriously at issue in this appeal.

The Fifth Amendment prevents the government from compelling a defendant to testify where his testimony could be used to enhance his punishment. A defendant who has pleaded guilty, but awaits sentencing, is allowed to invoke the Fifth Amendment privilege against self-incrimination in order to prevent the possible enhancement of his sentence. *See United States v. Wilson*, 598 F. Supp. 138, 142 (E.D. Pa. 1984). As stated in *Jones v. Cardwell*, 686 F.2d 754, 756 (9th Cir. 1982):

> This case, like *Estelle*, involves statements and admissions by an incarcerated defendant to an individual acting on behalf of the state that exposed the defendant to serious consequences. Accordingly, we find the Fifth Amendment privilege against self-incrimination applicable to the state's use of appellee's probation interview.

(Footnote omitted.) Our State Supreme Court has expressed adherence to these principles. In *State v. Post, supra,* relied on by the State, the Supreme Court indicated the critical difference between *Post* and *Estelle* was that the trial judge did not order Post to undergo any sort of examination. The court went on to indicate that without such official compulsion, the predicate for extending *Miranda*-like procedures to protect the Fifth Amendment right is not present. Recently in the case of *In re Young*, 122 Wn.2d 1, 857 P.2d 989 (1993), the court contemplated the civil commitment procedures for

---

[2]*State v. Pryor*, 115 Wn.2d 445, 799 P.2d 244 (1990) is precedent for allowing the sentencing judge to compel a psychological examination for the express purpose of determining whether or not there is a basis to increase the defendant's sentence. However, we reiterate that the question here is not whether the court had the authority to compel a psychological examination, it most surely does. The question is whether Tinkham should have been warned of his Fifth Amendment rights before the examination. The *Pryor* court did not, and was not asked to, discuss the Fifth Amendment or its applicability to the case.

sexually violent predators. The court discussed the United States Supreme Court's refusal to apply the "right to remain silent" privilege to civil cases unless it has been shown that the penalty imposed is punishment tantamount to a criminal sanction. In a footnote, the court noted, citing *Post*, that "detainees could not be compelled to incriminate themselves by answering questions about prior uncharged or unconvicted criminal behavior." *Young*, 122 Wn.2d at 51 n.15. These cases bolster Tinkham's argument that the Fifth Amendment right would attach in situations such as the one before the panel.

We hold that the trial court erred in compelling the examination for the purpose of possible enhancement of the sentence without the benefit of apprising the defendant of his Fifth Amendment right against self-incrimination.

Tinkham also contends the trial court's order prohibiting counsel from advising him of his Fifth Amendment right with respect to the mental health exam violated his Sixth Amendment right to counsel. We agree.[3]

The sixth amendment to the United States Constitution guarantees the assistance of counsel to criminal defendants. Its purpose is to ensure that the accused does not suffer an adverse judgment or lose the benefit of procedural protections because of the ignorance of the law. *United States v. Rad-O-Lite of Philadelphia, Inc.*, 612 F.2d 740 (3d Cir. 1979). A defendant is guaranteed that he need not stand alone against the State at any "critical stage" of the proceedings. *United States v. Wade*, 388 U.S. 218, 224-27, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967). It is also well established that a defendant is entitled to counsel during the sentencing phase of his or her case. As stated by the Supreme Court in *Gardner v. Florida*, 430 U.S. 349, 358, 51 L. Ed. 2d 393, 97 S. Ct. 1197 (1977):

> Even though the defendant has no substantive right to a particular sentence within the range authorized by statute, the

---

[3]The State does not respond to this argument because it argued that there was no Fifth Amendment right which attached in the instant case.

sentencing is a critical stage of the criminal proceeding at which he is entitled to the effective assistance of counsel.

A court ordered psychological exam to determine a defendant's future dangerousness for sentencing purposes is a critical stage requiring the assistance of counsel. *Estelle v. Smith*, 451 U.S. at 470 (defendant's Sixth Amendment right to counsel clearly attached when psychiatrist examined him at jail, and their interview proved to be "critical stage").

Here, the State requested the examination of Tinkham by the county mental health professional solely for the purpose of justifying an exceptional sentence. This examination was "inherently adversarial" and created the potential for undue prejudice, especially as to Tinkham's liberty interests. The trial court at least in part based its decision to enhance the sentence on a finding of future dangerousness as testified to by the county health officer. That testimony was critical to a finding of Tinkham's nonamenability to treatment. The order that counsel not be permitted to assist defendant, by advising him as to the extent and possible consequences of exercising his Fifth Amendment right against self-incrimination, violated his Sixth Amendment right to assistance of counsel.[4] Under *Estelle v. Smith, supra,* the proper remedy is to vacate the sentence and remand for resentencing.

By our actions with respect to this aspect of the case, we do not mean to imply that the result reached by the trial court was inappropriate. Indeed, as is apparent in the remainder of our decision, this case presents several bases for an exceptional sentence to an extent and degree that the sentence imposed on Tinkham may well be appropriate even absent a finding of "future dangerousness". Furthermore, were we able to conclude that the length of the sentence imposed would not change in the trial court's discretion but for the finding of "future dangerousness" we would affirm. On this record we cannot so conclude.

---

[4]We do not intend by this ruling to preclude reasonable restrictions on the means and manner by which defendants may avail themselves of this right. In brief, we are not holding that counsel has a right to be present, only that the defendant has the right to advice.

The remainder of this opinion presents issues of no precedential value and will not be published.

The sentence is hereby vacated and the case remanded for resentencing.

PEKELIS, A.C.J., and COLEMAN, J., concur.