698 P.2d 1301

**STATE of Arizona, Appellee,**

v.

**Martin ORTIZ, Appellant.**

**No. 1 CA–CR 7801.**

Court of Appeals of Arizona,
Division 1, Department D.

April 16, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Arthur G. Hazelton, Deputy Public Defender, Phoenix, for appellant.

OPINION

MEYERSON, Presiding Judge.

This appeal concerns the propriety of the trial court's consideration, for sentencing purposes, of admissions made by appellant Martin Ortiz during a mental health and diagnostic evaluation pursuant to Rule 26.-

5, Arizona Rules of Criminal Procedure. For the reasons stated herein we hold that the trial court did not err in considering an admission of another offense made by appellant during the diagnostic evaluation which he requested.

## I. FACTS

Appellant was charged with three counts of sexual assault. He pled guilty to all three counts. While on release, appellant broke into a home and attempted to assault a woman. He was immediately chased away by her brothers and father. Appellant's release was revoked. Prior to sentencing, appellant filed a motion for a mental health examination under Rule 26.5. This motion was granted and Dr. Kenneth Cole, a psychologist, was appointed to conduct the examination. A presentence report, accompanied by Dr. Cole's evaluation, was prepared and filed. Appellant told the probation officer and Dr. Cole that when he committed the second offense he probably was going to do the same thing as before—commit a sexual assault.

Appellant argued to the trial court that all references to the subsequent offense should be deleted from the presentence report as being inconsistent with the presumption of innocence; he also moved to have the case assigned to a new judge. Although this motion was initially denied, upon reconsideration, the trial court granted the motion and ordered that the case be transferred to a new court, and that a new presentence report be prepared deleting appellant's statements to the probation officer concerning the second offense.

Although a new presentence report was prepared in accordance with the court's instructions, Dr. Cole's evaluation remained attached to the presentence report.

The report indicated that appellant discussed the second offense with Dr. Cole and told Cole that when he went into the residence "he might have been thinking of sexual assault." Appellant objected to the references of the second incident in Cole's report.[1]

The trial court advised appellant that those statements would definitely be considered at sentencing. Appellant was ultimately sentenced to consecutive terms of ten years imprisonment on each count. He then filed this appeal.

## II. STATEMENTS CONCERNING THE SECOND OFFENSE

■ Appellant asserts three arguments in support of his contention that the trial court erred in considering for sentencing purposes his statements to Dr. Cole regarding the second offense. First, appellant asserts that his communications to Dr. Cole were privileged. He further contends that the record fails to reflect any waiver of the privilege. The legislature has prescribed the psychologist-patient privilege as follows:

The confidential relations and communications between a psychologist ... and his client are placed on the same basis as those provided by law between attorney and client. Unless the client has waived the psychologist-client privilege in writing or in court testimony, a psychologist shall not be required to divulge, nor shall he voluntarily divulge, information which he received by reason of the confidential nature of his practice as a psychologist....

A.R.S. § 32–2085 (Supp.1984).[2] For information obtained by a psychologist to be privileged, "it must have been acquired in an examination or consultation intended to

---

1. Although the victim of the second offense testified at the presentence hearing, the only reference in the record to appellant's intent to commit a sexual assault on the second victim is contained in Dr. Cole's report.

2. The attorney-client privilege provides:
A person shall not be examined as a witness in the following cases:

\* \* \* \* \* \*

2. An attorney, without consent of his client, as to any communication made by the client to him, or his advice given thereon in the course of professional employment. A.R.S. § 13–4062(2).

be private and confidential." M. Udall and J. Livermore, *Law of Evidence* § 75 at 144 (2d ed. 1982). Our courts have consistently held that the physician-patient relationship does not exist where a doctor has been ordered to examine the defendant in order to testify in court about the defendant's condition. *E.g., State v. Steelman,* 120 Ariz. 301, 316–17, 585 P.2d 1213, 1228–29 (1978); *State v. Gonzales,* 111 Ariz. 38, 41, 523 P.2d 66, 69 (1974).

■ Similarly, where a defendant requests a mental health examination pursuant to Rule 26.5, the psychologist-patient privilege does not exist. *See State v. Nowlin,* 244 N.W.2d 596, 602–603 (Iowa 1976) (doctor who examined defendant at defendant's request was allowed to express an opinion on the defendant's sanity despite contention that physician-patient privilege existed). Because appellant requested and submitted to the mental health examination with the full expectation and knowledge that it would be used to assist the sentencing judge, it cannot be said that appellant intended his interview with Dr. Cole to be private and confidential.

Appellant's second contention is that the use of his admission to Dr. Cole for sentencing purposes violated his privilege against self-incrimination. For this argument, appellant relies upon *Jones v. Cardwell,* 686 F.2d 754 (9th Cir.1982). In that case, the defendant admitted to the commission of numerous other crimes to the probation officer. The judge relied upon that information in imposing a sentence. The court held that where the "state's agent seeks from the convicted defendant a confession of additional criminal activity and that confession is used to enhance a defendant's sentence, we think it beyond peradventure that the defendant may properly claim the protection of the privilege against self-incrimination." *Id.* at 756. The court recognized, however, that not every encounter between the state and a convicted but unsentenced defendant brings the fifth amendment privilege into play. Of obvious concern to the court were the undisputed facts that the defendant had been ordered to follow instructions given by the probation officer, that the officer questioned the defendant specifically about additional criminal activity, and that the defendant's admissions were the result of questioning rather than the defendant's spontaneous statements. The element of coercion which was central to the court's holding in *Jones v. Cardwell* is not present in this case. We decline to hold that the privilege against self-incrimination is applicable where a defendant admits to other criminal activity in the course of a mental health examination which the defendant himself has requested. *See State v. McCarty,* 438 So.2d 1296, 1298 (La.Ct.App. 1983) (no violation of defendant's privilege against self-incrimination where admissions to probation officer did not occur in a custodial environment and defendant did not claim that statements were "aggressively extracted").

Finally, appellant contends that his admission to Dr. Cole should not have been considered because of the Supreme Court's decision in *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). In that case, the defendant was examined for the purpose of determining his competency to stand trial. The psychiatrist's findings, however, were used for the further purpose of assessing the defendant's dangerousness with respect to sentencing. The essence of the Court's decision was that the psychiatrist became an agent of the state, rather than a neutral examiner, when his observations were used to enhance the defendant's punishment, a matter beyond the defendant's expectations—he was being examined simply to determine his competency to stand trial. The Supreme Court held that the defendant's fifth amendment privilege against self-incrimination was violated. In addition, the Court found that his sixth amendment right to the assistance of counsel was violated because defense counsel was not notified in advance that the psychiatric examination would encompass the issue of the defendant's future dangerousness.

■ Appellant's position is not aided by *Estelle v. Smith.* Unlike the defendant in

*Estelle v. Smith,* appellant could certainly not have been misled by the purpose of the mental health examination. Counsel for appellant specifically filed a motion for psychiatric examination pursuant to Rule 26.5. Thus, the type of deception that was present in *Estelle v. Smith* cannot be said to exist here. Unquestionably, appellant knew the purpose for which the mental health examination would be used. This uncontrovertible point similarly answers appellant's sixth amendment argument. In *Estelle v. Smith,* the defendant was denied the assistance of his attorneys in making the significant decision of whether to submit to the examination and to what end the psychiatrist's findings could be employed. Here, counsel, on behalf of appellant, requested the mental health examination with presumably full knowledge of the intended use of the psychologist's report.[3]

For the foregoing reasons, we hold that the trial court did not err in considering Dr. Cole's report in connection with the imposition of consecutive sentences upon appellant.

Affirmed.

GRANT and HAIRE, JJ., concur.

---

3. Appellant also objects to the claimed error by the trial court in failing to adequately set forth reasons for imposing consecutive sentences. The trial court did set forth aggravating circumstances but when imposing consecutive sentences, did not expressly set forth reasons at that time. If reasons for imposing an aggravated sentence are given, these reasons need not be repeated when the trial judge imposes consecutive sentences. *State v. Lamb,* 142 Ariz. 463, 690 P.2d 764 (1984).