721 P.2d 142

**APPEAL IN PIMA COUNTY MENTAL HEALTH CASE NO. MH 1717–1–85.**

**No. 2 CA–CIV 5587.**

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 19, 1986.
Review Denied May 28, 1986.

Elizabeth Anne Upham, Tucson, for appellant.

Stephen D. Neely, Pima County Atty. by James P. Howell and Paul E. Tang, Tucson, for appellee.

## OPINION

*LIVERMORE*, Presiding Judge.

This appeal attacks the constitutional validity of the recently amended civil commitment law. Appellant contends that the definition of "danger to others" in A.R.S. § 36–501(3) is insufficient as a basis for commitment. That section reads:

"Danger to others" means that the judgment of a person who has a mental disorder is so impaired that he is unable to understand his need for treatment and as a result of his mental disorder his continued behavior can reasonably be expected, on the basis of competent medical opinion, to result in serious physical harm.

Her first argument is that no finding of danger to others is constitutional unless predicated on recent dangerous conduct. In effect, she asks us to take judicial notice that existing medical knowledge does not permit a finding of danger absent such conduct. We are in no position to do so. The standard in the definition is constitutional. See *Project Release v. Prevost*, 722 F.2d 960 (2d Cir.1983).

Appellant's second attack on the statutory definition is that permitting commitment for the inability to understand the need for treatment is impermissible. Assuming this is so, that inability must be joined under the statute with present dangerousness which is an adequate basis for

**596**

involuntary commitment. See *O'Connor v. Donaldson*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975).

■ Appellant argues that by requiring "competent medical opinion" § 36–501(3) is an unlawful delegation of legislative power and serves to deprive her of a neutral fact finder on the issue of dangerousness. That certain evidence is required to support a finding is not an unlawful delegation; nor does it deprive appellant of a neutral fact finder. Whether the evidence is sufficient to justify commitment is to be determined by a judicial officer.

■ It is next argued that the standards employed in the statute are unconstitutionally vague. We doubt the applicability of the notion of "fair warning" to a class composed of those mentally incompetent to make judgments. Any risk of unbridled administrative discretion is eliminated by the requirement that commitments be made under judicial supervision after factual findings based on constitutionally appropriate standards. See *Stamus v. Leonhardt*, 414 F.Supp. 439 (S.D.Iowa 1976).

■ Finally, the statute is attacked because there is no requirement that the danger to others be imminent. We believe that requirement to be implicit generally in the concepts of "danger" and reasonable expectation of harm. Further, such imminence is required by virtue of other provisions of the commitment statute imposing it as a precondition to initial evaluation. See §§ 36–520(E), 521(D), 523(B)(1), 524(C)(1), 525(B).

■ Appellant contends that the admission of the opinions of physicians, ordered by the court to evaluate the appellant's mental condition as part of the commitment process, violated the physician-patient privilege. A privilege does not attach when the medical examination is not intended to be confidential. *State v. Steelman*, 120 Ariz. 301, 585 P.2d 1213 (1978); *State v. Ortiz*, 144 Ariz. 582, 698 P.2d 1301 (App. 1985). The claimed privilege is also prevented by A.R.S. § 36–509 excluding confidentiality "as the requirements of a hear-

ing pursuant to this chapter may necessitate." The hearing mandated by § 36–539 requires the very testimony of the physicians which appellant seeks to preclude by the claim of privilege.

■ Appellant also argues that any mental health examination must be preceded by *Miranda* warnings. Such warnings are necessary only to prevent compulsory self-incrimination. Responses to a physician in the commitment process do not involve such incrimination. *People v. Allen*, 107 Ill.2d 91, 481 N.E.2d 690 (1985), *Matter of Matthews*, 46 Or.App. 757, 613 P.2d 88 (1980), cert. denied, 450 U.S. 1040, 101 S.Ct. 1757, 68 L.Ed.2d 237 (1981).

We have examined appellant's other claims and find them to be without merit.

Affirmed.

FERNANDEZ and LACAGNINA, JJ., concur.