817 P.2d 945

**In re PIMA COUNTY MENTAL HEALTH NO. MH 2081-3-90.**

**No. 2 CA MH 90-0004.**

Court of Appeals of Arizona,
Division 2, Department A.

March 14, 1991.

Review Denied Oct. 22, 1991.

Manuel H. Garcia, Tucson, for appellant.

Stephen D. Neely, Pima County Atty. by Suzanne Hodges, Tucson, for appellee.

## OPINION

LACAGNINA, Judge.

In this involuntary mental health commitment case, the patient appeals from court-ordered, inpatient treatment at the Arizona State Hospital, based upon a finding by clear and convincing evidence that the patient, as a result of a mental disorder, was persistently or acutely disabled. The patient argues the petition for court-ordered treatment should have been dismissed, that there was no reasonable basis for the trial court's finding that he was persistently or acutely disabled, and that A.R.S. § 36-501(29) is unconstitutional. We affirm.

The patient's first argument is that because, following a change in the statute

adding "acutely or persistently disabled" as a fourth criterion for involuntary commitment, the Arizona Department of Health Services failed to completely revise its forms to reflect this added criterion, the patient was denied due process and was unable to present a proper defense. In the petition for court-ordered treatment the words "acutely or persistently disabled" were typed in with an "X" indicating that was the ground alleged for court-ordered treatment. Counsel cannot claim he lacked notice when the petition for custodial evaluation alleged the patient was persistently or acutely disabled, as did the order for detention, the doctors' affidavits and the three physicians' evaluations.

■ Next, the patient argues that A.R.S. § 36-501(29) is unconstitutional because an allegation that someone is persistently or acutely disabled is vague and overbroad. The statute defines "persistently or acutely disabled" as follows:

29. "Persistently or acutely disabled" means a severe mental disorder that meets all the following criteria:

(a) If not treated has a substantial probability of causing the person to suffer or continue to suffer severe and abnormal mental, emotional or physical harm that significantly impairs judgment, reason, behavior or capacity to recognize reality.

(b) Substantially impairs the person's capacity to make an informed decision regarding treatment and this impairment causes the person to be incapable of understanding and expressing an understanding of the advantages and disadvantages of accepting treatment and understanding and expressing an understanding of the alternatives to the particular treatment offered after the advantages, disadvantages and alternatives are explained to that person.

(c) Has a reasonable prospect of being treatable by outpatient, inpatient or combined inpatient and outpatient treatment.

Unlike recent cases where state commitment statutes were found to be unconstitutionally overbroad because they permitted the confinement of a person simply because he was mentally ill and in need of treatment, our statute requires a clear and convincing showing of a severe mental disorder that, if not treated, has a substantial probability of causing the person to suffer severe and abnormal mental, emotional or physical harm. We agree with the county that "a person is sufficiently dangerous when his mental status poses a substantial probability that he will suffer harm and prevents him from recognizing the benefits that he could derive from treatment." The Arizona statute does not allow commitment of a nondangerous functioning person "without more". *O'Connor v. Donaldson*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975). Rather, the statute helps an individual "who is a danger to himself precisely because the nature of his illness prevents him from seeking treatment which might improve his condition." *Johnson v. State*, 693 S.W.2d 559, 563 (Tex.App.1985). It allows involuntary commitment for those discharged patients who "after a period of time in the community, drop out of therapy or stop taking their prescribed medication," and begin to decompensate as evidenced by a "progressive deterioration of routine functioning." *In re LaBelle*, 107 Wash.2d 196, 728 P.2d 138, 145 (1986). The statute requires specific medical testimony describing the nature and extent of the disability and a prediction of a substantial probability of harm resulting from the disability. A.R.S. §§ 36-535(B) and 536(B). That is sufficient even though it is based upon the substantial probability of future harm. *Cf. Pima County Mental Health MH 1717-1-85*, 149 Ariz. 594, 721 P.2d 142 (App.1986).

We also reject the argument that the statute is unconstitutionally vague. Those who are mentally incompetent to make judgments do not need fair warning of the condition requiring treatment. *Id.* In addition, the statute requires that "commitments be made under judicial supervision after factual findings based on constitutionally appropriate standards," 149 Ariz. at 596, 721 P.2d at 144, which answers the second argument concerning vagueness. In applying the statute, a trial court is required to find, upon clear and convincing evidence, a severe mental disorder which

has a substantial probability of causing that person to suffer serious mental, emotional or physical injury.

Finally, the patient challenges the court's finding that he was persistently or acutely disabled. In this case, there was a reasonable basis for the trial court's finding. The patient was diagnosed by both psychiatrists as having a severe schizo affective disorder with a long history of mental illness requiring more than 10 hospitalizations. The patient's own testimony, which the trial court considered in ordering treatment, was perhaps the best evidence. It indicated a severe mental disorder, including an inability to admit any psychiatric or physical problems, or to consistently take medications for either his physical or mental condition, and the absence of family, friends or outpatient treatment center that would be willing or able to provide care for him. The testimony supports the conclusion that the trial court had a reasonable basis to find by clear and convincing evidence that the patient was persistently or acutely disabled.

Affirmed.

LIVERMORE, P.J., and HATHAWAY, J., concur.