862 P.2d 898

**In the Matter of an Application for the Commitment of an Alleged Mentally Disordered Person, COCONINO COUNTY NO. MH 1425.**

**No. 1 CA–CV 92–0269–MH.**

Court of Appeals of Arizona,
Division One, Department E.

Sept. 14, 1993.

Reconsideration Denied Nov. 22, 1993.

John Verkamp, Coconino County Atty. by William P. Ring, Deputy County Atty., Flagstaff, for appellee.

Law Offices of Wendy F. White by Wendy F. White and Sandra L. Jenney, Flagstaff, for appellant.

## OPINION

CLABORNE, Presiding Judge.

This is a mental health involuntary commitment case. Appellant was found to be persistently and acutely disabled and a danger to himself and others after a hearing conducted pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 36–539 (Supp.1992). Appellant was committed by court order to inpatient treatment at the Guidance Center in Flagstaff, Arizona, for a period not to exceed 180 days. It is from this order that Appellant now appeals.

Three issues are raised on appeal:

1. Whether the commitment order is void because the state failed to present two witnesses acquainted with Appellant to testify at trial as required by A.R.S. section 36–539;

2. Whether the finding by the trial court that Appellant was persistently and acutely disabled was supported by clear and convincing evidence; and

3. Whether Appellant's right to due process was violated because he did not receive sufficient notice of the allegation that Appellant was a danger to himself and others.

Appellant argues that this Court should vacate the order for treatment. We disagree and affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant was arrested on April 2, 1992, for misdemeanor trespassing and transferred to the Coconino County jail. The jail staff reported that Appellant was acting somewhat suspicious and paranoid. As a result, a psychiatric evaluation was initiated by Dr. Mark Giesecke. As part of his investigation, Dr. Giesecke called Appellant's father regarding a letter Appellant had written to a friend with suicidal undertones. Based upon his interview and information that Appellant appeared paranoid, suicidal, violent and hallucinatory, Dr. Giesecke recommended a Title 36 evaluation.

Appellant was evaluated by several mental health experts including Dr. Giesecke, Dr. Thomas J. Gaughan, Zenia J. Kuzma, Association of Certified Social Workers ("A.C.S.W."), and Dr. Thomas Vendetti. An independent expert, Kelly Krietsch, Ph. D., was also appointed at the request of Appellant's counsel to do an evaluation. It was the opinion of these experts after evaluating Appellant that he was suffering from a mental disorder and would benefit from inpatient treatment.

A hearing was conducted concerning the petition for court-ordered treatment. Dr. Giesecke, Dr. Gaughan, and Kelly Krietsch testified at the hearing. Counsel for Appellant invited a stipulation that the court accept the reports of Dr. Vendetti and Zenia Kuzma, and specifically not require their further testimony. The state had no objection to the stipulation and the court ordered the reports admitted into evidence.

Upon direct examination, the experts agreed that Appellant was suffering from schizophrenia and that Appellant was persistently or acutely disabled. The court found by clear and convincing evidence that Appellant was suffering from a mental disorder, schizophrenia, and that as a result of the mental disorder, Appellant was a danger to himself and others and persistently and acutely disabled. The court ordered treatment for Appellant for a period not to exceed 180 days pursuant to A.R.S. section 36–540 (Supp.1992). The order directed treatment for Appellant under the commitment category of persistent and acute disability. Appellant now brings this appeal.

## DISCUSSION

◼ Initially, we must decide whether the issues presented by Appellant are

moot. Appellant was ordered to undergo treatment on April 22, 1992 for a period not to exceed 180 days. This time period had ended. However, considering the length of time inherent in the appeals process and also the statutory limits on the number of days a patient may be committed to involuntary treatment, the issues are capable of repetition, and may evade review. *E.g., Exodyne Properties, Inc. v. City of Phoenix,* 165 Ariz. 373, 376, 798 P.2d 1382, 1385 (App.1990). We therefore exercise our discretion to address the merits of the issues presented.

### 1. . Admission of Reports into Evidence

■ Appellant challenges the admission of the reports of Dr. Vendetti and Zenia Kuzma, A.C.S.W., as a substitute for their oral testimony. He claims that the procedure does not fulfill that part of A.R.S. section 36–539(B) which requires the testimony of two or more witnesses acquainted with the patient at the time of the alleged mental disorder. We disagree.

The statute provides in relevant part:

B. . . . The evidence presented by the petitioner or the patient shall include the testimony of two or more witnesses acquainted with the patient at the time of the alleged mental disorder and testimony of the two physicians who performed examinations in the evaluation of the patient. . . .

The record reveals that at the onset of the hearing, counsel for Appellant invited a stipulation that the reports of Dr. Vendetti and Zenia Kuzma be admitted into evidence.

[COUNSEL FOR APPELLANT]: . . . The first thing is there are two witnesses present in the courtroom, Zenia Kuzma and Tom Vendetti, who have submitted reports. We would ask at this time the Court accept our stipulation to their reports and not require their testimony. And if the State has no objection, the witnesses—we would ask that the witnesses be excused.

THE COURT: Is there any objection?

[THE STATE]: The state has no objection.

THE COURT: So ordered. . . .

We believe that the stipulation to accept the written reports of the two witnesses satisfied the requirements of the statute.

■ Our case law requires strict compliance with the statute. *See In re Matter of Burchett,* 23 Ariz.App. 11, 530 P.2d 368 (App.1975); *In re Matter of Appeal in Pima County,* 143 Ariz. 338, 693 P.2d 993 (App.1984). The statute is jurisdictional and cannot be waived. *Id.* Although the statute requires the testimony of two physicians and two or more witnesses acquainted with the patient, it does not preclude other medical personnel from testifying at the commitment proceedings to satisfy the requirement of the two witnesses acquainted with the patient. *Matter of Appeal in Pima County,* 143 Ariz. at 340, 693 P.2d at 995 (a psychiatric social worker and nurse who treated patient satisfied the requirements of two witnesses acquainted with the patient). The *only* requirement is that such witnesses be acquainted with the patient at the time of the mental disorder. *Id.*

■ Appellant's argument relies on an interpretation of the statute that oral testimony is required and that the two witnesses be lay witnesses. Nothing in the statute requires that the testimony be *oral* or that the witnesses be lay witnesses. *See* A.R.S. § 36–539(B); *Matter of Appeal in Pima County,* 143 Ariz. at 340, 693 P.2d at 995. Further, counsel for Appellant invited the stipulation of admitting written reports of the two witnesses. Thus, we find that the court properly complied with A.R.S. section 36–539(B) and do not find error.

### 2. Evidence Supporting the Determination

■ The commitment order is supported by clear and convincing evidence. We will not set aside the trial court's findings of fact unless clearly erroneous. *Schade v. Diethrich,* 158 Ariz. 1, 760 P.2d 1050 (1988).

A.R.S. section 36–540(A) states:

If the court finds by clear and convincing evidence that the proposed patient is, as a result of mental disorder, a danger to himself, is a danger to others, is persistently or acutely disabled or is gravely disabled and in need of treatment, and is either unwilling or unable to accept voluntary treatment, the court shall order him to undergo one of the following [forms of treatment] . . .

Upon examination of the experts, it was agreed that the patient was suffering from a mental disorder, schizophrenia, and that Appellant was persistently and acutely disabled. Each expert's opinion was rendered within a reasonable degree of medical and/or clinical probability. The two reports submitted into evidence also showed that Appellant was suffering from a mental disorder, corroborating the expert's oral testimony. Based upon the testimony of the experts and the reports submitted into evidence, the court had a reasonable basis to find by clear and convincing evidence that Appellant was persistently and acutely disabled. *See In re Pima County Mental Health No. MH–2081–3–90*, 169 Ariz. 141, 817 P.2d 945 (App.1991).

*3. Notice of Allegations Raised by State*

 Appellant contends that his right to due process was violated in the commitment proceeding because Appellant was not notified of the allegation raised by the state that he was a danger to himself and others. We find that Appellant's due process rights were not violated.

The application for involuntary evaluation filed on April 9, 1992, pursuant to A.R.S. section 36–520 (Supp.1992), indicated that Appellant may be either a danger to himself or persistently or acutely disabled. After evaluations were performed, Dr. Giesecke believed there was sufficient indication of mental disorder to file a petition for court-ordered treatment because Appellant was suffering from a mental disorder and was persistently or acutely disabled. The petition itself sought an order of commitment for treatment of a persistently or acutely disabled person. It did not seek an order of commitment for a person that was a danger to himself or others. The hearing

proceeded to trial on the basis of the petition and the evidence adduced at trial supported the court's conclusion that Appellant was persistently and acutely disabled as shown in the order of commitment. Therefore, Appellant was given sufficient notice of the allegations raised by the state.

## CONCLUSION

The record contains substantial evidence to support the determination that Appellant was persistently and acutely disabled. The order of commitment was supported by clear and convincing evidence and was not void for lack of testimony by two witnesses acquainted with Appellant. For these reasons, we affirm the trial court's order of commitment.

NOYES, J., concurs.

KLEINSCHMIDT, Judge, dissenting:

I agree with the majority on all but one point. In my opinion, the petitioner at the commitment proceeding did not present two or more witnesses who were acquainted with the appellant as required by A.R.S. section 36–539(B). The two witnesses who purported to serve in that capacity, Thomas Vendetti and Zenia Kuzma, were health care professionals whose only contact with the appellant was to examine him for the purpose of evaluating whether he was, or was not, committable. They could offer no more perspective on the question than could the examining physicians who the court in *In re Burchett*, 23 Ariz.App. 11, 530 P.2d 368 (1975), said were not persons "acquainted with" the patient.

The statute sets forth two classes of witnesses whose testimony is required. Those who have examined the person to evaluate him or her for commitment and those who are acquainted with the person. The statute contemplates that two witnesses must have had a chance to observe the subject's behavior in some environment other than a commitment evaluation interview. Such witnesses may or may not be professionals, and they need not be well

acquainted with the person whose commitment is sought. As to candidates for commitment who may be transients or have no family or friends who can testify about them, police officers, guards, nurses, orderlies, treating physicians, or social workers might, for example, well serve the purpose of the statute. *See Matter of Appeal in Pima County,* 143 Ariz. 338, 693 P.2d 993 (App.1984).

I would vacate the order for commitment.